In the Matter of Hattie **BARNER**, Debtor.

Hattie **BARNER**, Plaintiff,

v.

**ASSOCIATES FINANCIAL SERVICES COMPANY OF WISCONSIN, INC.**, Defendant.

Bankruptcy No. 81–01378.
Adv. No. 81–0844.

United States Bankruptcy Court, E. D. Wisconsin.

May 25, 1982.

Alan S. Goldberg, Milwaukee, Wis., for plaintiff.

Mark A. Phillips, Stupar, Gollin & Schuster, S. C., Milwaukee, Wis., for defendant.

---

## MEMORANDUM DECISION AND ORDER

C. N. CLEVERT, Bankruptcy Judge.

Pursuant to the stipulation of the parties at the pretrial conference, the issue to be decided is whether a complaint to avoid a lien under 11 U.S.C. § 522(f) must be filed prior to discharge. The debtor, Hattie Barner, received a discharge and then filed a complaint to avoid a nonpossessory, nonpurchase money lien on her household and personal goods claimed by Associates Financial Services (Associates). Associates moved to dismiss alleging untimeliness in filing the complaint because the discharge had been granted.

11 U.S.C. § 522(f) provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption . . . if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor . . . .

In arguing that the debtor must file a lien avoidance complaint prior to discharge, Associates relies upon *In re Betty Gene Adkins*, 7 B.R. 325, 6 Bankr.Ct.Dec. (CRR) 997 (Bkrtcy., S.D.Cal., 1980); *Associates Financial Services v. Porter*, (*In re James and Janice Porter*), 11 B.R. 578, 7 Bankr.Ct.Dec. (CRR) 959 (Bkrtcy., W.D.Okl., 1981); and *In re Gilbert Franklin Krahn*, 10 B.R. 770, 7 Bankr.Ct.Dec. (CRR) 767 (Bkrtcy., E.D.Wis.,

1981). The debtor relies upon *Associates Financial Services v. Swanson* (*In re Steven Jay Swanson*), 13 B.R. 851, 8 Bankr.Ct.Dec. (CRR) 13 (Bkrtcy., D.Idaho, 1981) to argue that a lien avoidance complaint can be filed after discharge.[1]

The case of *In re Betty Gene Adkins* is the leading case which supports Associates view. In *Adkins* the court looked to the reaffirmation provisions of the Code (11 U.S.C. 524(c)) for guidance. The court noted that under some circumstances a debtor may not be able to completely avoid a lien impairing an exemption and, therefore, may need to negotiate a reaffirmation agreement. Furthermore, the court observed that if the need to reaffirm is not determined until after the discharge hearing is held pursuant to 11 U.S.C. 524(d), it will be too late to enter an enforceable reaffirmation agreement. Thus, even though the Code does not set a bar date for filing lien avoidance actions, the court found that

in order to effectively carry out the provisions of the Code and to obtain finality of a determination of the rights of all parties . . . a debtor must file a complaint to avoid a lien under § 522(f) at or before the discharge hearing. *Adkins*, 7 B.R. at 327.

The decisions in *Krahn* and *Porter* rely upon the *Adkins* ruling. In *Krahn*, Judge Hilgendorf of this district, followed the *Adkins* reasoning and denied the debtor's motion to reopen the case to hear his lien avoidance complaint. *Porter*, on the other hand, resulted in the denial of the debtor's motion to avoid a lien. However, the court also reasoned that

[i]f, under §§ 522(i)(1)[2] and 550(e),[3] an action to recover property from a trans-

---

1. Not discussed by either party are the following cases which support debtor's position: *Gortmaker v. Avco* (*In re Jerry Gortmaker*), 14 B.R. 66, 8 Bankr.Ct.Dec. (CRR) 67 (Bkrtcy., S.D., 1981); *Baskins v. Household Finance* (*In re Carl Baskins*) 14 B.R. 110, 5 Collier Bankr. Cas.2d (MB) 130; Bankr.L.Rptr. (CCH) ¶ 68,-352 (Bkrtcy., E.D.N.C., 1981); *Smart v. Avco* (*In re Granville Preston Smart*), 13 B.R. 838, (New Developments) Bankr.L.Rptr. (CCH) ¶ 68,379 (Bkrtcy., Ariz., 1981); and *Bennett v. Commercial Credit Plan* (*In re David Michael*

*Bennett*), 13 B.R. 643, 8 Bankr.Ct.Dec. (CRR) 670 (Bkrtcy., W.D.Mich., 1981).

2. 11 U.S.C. § 522(i)(1). If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

3. 11 U.S.C. § 550(e).

feree in an avoided transfer cannot be commenced after a case is closed, it naturally follows that the initial action to avoid the transfer also cannot be commenced after the case is closed. *Porter,* 11 B.R. at 581.

Some authority for the debtor's position is derived from the case of *In re Smart* wherein the court criticized *Adkins* in route to deciding that it should not fix a time limit for filing § 522(f) actions in the absence of legislative authority.

This [Adkins] analysis uses only one remedy designed to benefit the debtor, namely *reaffirmation,* to preclude the use of a second unrelated remedy, namely *lien avoidance* under § 522(f). While failure to take advantage of the avoidance powers of § 522(f) prior to discharge may in some instances deprive the debtor from using *reaffirmation* as an *alternative* means of retaining possession of certain property, this factor should not further serve as a burden on the debtor by preventing the use of § 522(f) itself in a proper case to avoid the effect of a lien on *exempt property* in a timely manner during the continued administration of the debtor's estate. *Smart,* 13 B.R. at 840.

The *Swanson* case, which was relied upon by the debtor echoes the view expressed in *Smart* wherein it states:

The fact that it may be in a debtor's best interest to avoid liens under § 522(f) before his time to reaffirm passes, is not a valid reason for saying he must do so before discharge or forfeit the right to do

so. In most cases the exemption covers the security in its entirety and no need to reaffirm arises. *Swanson,* 8 Bankr.Ct. Dec. at 14.

Additional criticisms of *Adkins* are that it fails to take into account 11 U.S.C. § 350(b),[4] which permits the court to reopen a closed case "to accord relief to a debtor," and 11 U.S.C. § 722,[5] which permits a debtor to redeem property after a discharge. *Baskins,* 14 B.R. at 111; *Gortmaker,* 14 B.R. at 68.

This court believes that the foregoing criticisms of *Adkins* and its progeny are valid and that judicially imposed deadlines for filing lien avoidance complaints, with the exception of those promulgated by the U. S. Supreme Court pursuant to its rule making authority, are contrary to congressional intent.[6] "Subsection (f) [of section 522 of the Bankruptcy Code] protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property."[7] In this case where the debtor is attempting to protect her exemptions as well as her discharge, there is no just reason, consistent with those legislatively sanctioned objectives, to deny the debtor the opportunity to proceed on her complaint. On the other hand, if Associates has taken steps after discharge to recover property subject to its lien, it may be entitled to reimbursement of expenses. See *In re Bennett,* 13 B.R. at 643.

For the reasons stated above the defendant's motion to dismiss is denied.

---

(e) An action or proceeding under this section may not be commenced after the earlier of—

   (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; and

   (2) the time the case is closed or dismissed.

**4.** 11 U.S.C. § 350(b).

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

**5.** § 722. Redemption. An individual∙ debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tan-

gible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

**6.** H.R.Rep.No. 595, 95th Sess. 1st Sess. (1977) 293–297, U.S.Code Cong. & Admin.News 1978, p. 5787.

**7.** *Id.* at 362, U.S.Code Cong. & Admin.News 1978, at 6318.