**In the Matter of Diane Adele NOWAK, Debtor.**

**THORP FINANCE CORPORATION, Plaintiff,**

**v.**

**Diane Adele NOWAK, Defendant.**

**Bankruptcy No. 81–00708.
Adv. No. 81–0692.**

United States Bankruptcy Court,
E. D. Wisconsin.

May 28, 1982.

Jeffrey S. Schuster, Stupar, Gollin & Schuster, S. C., Milwaukee, Wis., for plaintiff.

Donald H. Mueller, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

CHARLES N. CLEVERT, Bankruptcy Judge.

Plaintiff, Thorp Finance Corporation, filed suit in this case on June 9, 1981, to determine the dischargeability of a debt in the amount of $2,033.35, alleging that the debtor, Diane A. Nowak, incurred the obligation through the use of a false financial statement. The debtor has denied the allegation and has asked the court to dismiss the complaint on the ground that Thorp failed to bring its dischargeability action as

a compulsory counterclaim in her earlier lien avoidance suit. (*Diane Adele Nowak v. Thorp Finance*, Adversary Proceeding No. 81–0222). Therefore, the issue is whether plaintiff's dischargeability suit is barred due to its failure to plead it as a compulsory counterclaim in the debtor's previous lien avoidance suit.

Rule 13 of the Federal Rules of Civil Procedure as applied to bankruptcy proceedings through Rule 713 of the Federal Rules of Bankruptcy Procedure states the circumstances in which a compulsory counterclaim must be filed. Subsection (a) of the rule says:

> A pleading shall state as a counterclaim any claim which ... the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require ... the presence of third parties of whom the court cannot acquire jurisdiction.

In applying the rule to this case, it is clear that the important question is whether the debtor's lien avoidance suit arose from the same transaction as this dischargeability suit.

This question was answered no in *C. I. T. Financial Services v. Belcher (In re Belcher)*, 13 B.R. 421, 4 Collier Bankr.Cas.2d (MB) 1490, (Bkrtcy.W.D.Mo.1981) a case on all fours with this one. In his decision, Judge Barker observed that in applying Rule 13 courts have generally given the term "transaction or occurrence" a liberal construction. 13 B.R. at 423. He then quoted and applied the following four generally accepted tests for compulsory counterclaims as stated by *6 Wright & Miller, Federal Practice and Procedure* § 1410 at 42 (1971):

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute plaintiff's as well as defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?

With reference to those tests, Judge Barker found that the "transaction or occurrence" in the lien avoidance suit focused upon the execution of a nonpossessory, non-purchase money security agreement, whereas the "transaction or occurrence" in the dischargeability suit focused upon the debtor's execution of a false financial statement.

In addition he found that the issues of law and fact differed in the lien avoidance and dischargeability suits in that the issue in the lien avoidance suit was the character of the lien on household goods, whereas the issue in the dischargeability suit was whether the debtor's failure to disclose certain debts warranted a finding that the debt could be discharged. For the same reasons Judge Barker also found that the res judicata doctrine would have no bearing on the case.

As to the logical relationship test, the court said that " ... the claims of the parties are not inextricably intertwined to a degree that they should be considered compulsory counterclaims. Further, a decision finding such a claim compulsory would have a grave effect on the procedural scheme of the Bankruptcy Code itself. 13 B.R. at 424. The court's final point was explained by noting that a requirement that a creditor file a dischargeability suit as a compulsory counterclaim in a lien avoidance suit would deprive the creditor of the investigative opportunity afforded by the § 341 meeting in those instances where a lien avoidance suit is filed very early in the bankruptcy case.[1]

In a case where our Court of Appeals recently applied the logical relationship test it observed that "[t]he principal purpose of making certain counterclaims compulsory is judicial economy." *By-Prod Corporation v.*

---

1. The debtor states in its brief that at the time it answered the debtor's lien avoidance complaint it was not aware of the facts which gave rise to its complaint. Thus, the validity of Judge Barker's concerns is obvious in this case.

*Armen-Berry Company*, 668 F.2d 956, 960 (7th Cir. 1982). It has also stated that:

> . . . the logical relationship test [is] crucial in determining whether a claim and counterclaim arise from the same transaction or occurrence for purposes of Rule 13(a). We have observed that whether a particular counterclaim should be considered compulsory depends not so much on the immediacy of its connection with the plaintiff's claim as upon its logical relationship to that claim. *Warshawsky and Co. v. Arcata National Corp.*, 552 F.2d 1257, 1261–63 (7th Cir. 1977). This test is to be applied flexibly in order to further the policies of the federal rules in general and Rule 13(a) in particular. [Citations omitted.]

*Valencia v. Anderson Brother Ford*, 617 F.2d 1278, 1291 (7 Cir. 1980) (rev'd and remanded on other grounds, sub nom *Anderson Bros. Ford, et al. v. Valencia, et al.*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981).)

Regardless of whether this court applies the logical relationship test or the three other generally applied tests for compulsory counterclaims, it is clear that plaintiff's dischargeability suit is not a compulsory counterclaim which it is now barred from prosecuting. "The rights and obligations of the parties with respect to the two claims hinge on different facts and different legal principles." *Valencia*, 617 F.2d at 1292. Thus, this court finds that the debtor's motion to dismiss cannot be sustained and the same is hereby denied.