**In the Matter of Ronald Wayne LEEMAN, Jeanette Elaine Leeman, Debtors.**

**Ronald Wayne LEEMAN, Jeanette Elaine Leeman, Plaintiffs,**

v.

**THORP FINANCE, Defendant.**

**Bankruptcy No. 81–03460.
Adv. No. 82–0561.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 30, 1982.

Paul G. Swanson, Oshkosh, Wis., for defendant.

Jon R. Guiles, Oshkosh, Wis., for plaintiffs.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

The sole issue before this Court is whether a complaint to avoid a lien under 11 U.S.C. § 522(f)[1] must be filed prior to the granting of a discharge in bankruptcy.

The case has been submitted to the Court upon stipulated facts. Ronald and Jeanette Leeman ("Debtors") filed their joint Chapter 7 petition on November 6, 1981 and were granted a discharge pursuant to § 727 of the Code on February 24, 1982. On April 30, 1982, the debtors filed a complaint to

avoid a nonpossessory, nonpurchase-money security interest of Thorp Finance ("Thorp"). The debtors' bankruptcy case has not yet been closed. Thorp has taken the position that the debtors' complaint must be filed prior to the granting of a discharge to the debtors.

The battle line is clearly drawn in this case, and the arguments, policy considerations and legal authorities are set forth in the very helpful briefs submitted by counsel for both parties. The thrust of Thorp's argument is two-fold:

1. To allow a debtor a right to set aside a lien after receiving a discharge deprives a creditor of the right to certain remedies which it might otherwise have exercised had it known that the debtor would thereafter take steps to avoid a lien and which remedies were extinguished after the discharge date. These remedies include the right by the creditor to object to the discharge of the debtor (§ 727), the right to file a complaint to determine the dischargeability of a debt due it (§ 523) and the right to enter into a reaffirmation agreement (§ 524(c)).

2. There is a need for certainty and finality. Congress never intended an unlimited time within which a debtor could commence an action to set aside a lien.

Thorp chiefly relies upon *In re Maki*, 5–81–64 (D.Minn.1982). The *Maki* decision contains within it several other citations which also hold that a § 522(f) lien avoidance action must be commenced prior to the granting of the discharge.[2]

Debtors, on the other hand, emphasize that there is no explicit statutory language which establishes any arbitrary time limit on the debtors' right to initiate a lien avoidance action. Further, the fact that a time limitation exists under § 524(c) (dealing

---

1. 11 U.S.C. § 522(f) provides in part:

 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption ... if such lien is—

 (2) a nonpossessory, nonpurchase-money security interest in any—

 (A) household furnishings, household goods, ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor ....

2. *See, In re Adkins,* 7 B.R. 325 (Bkrtcy.Ct.Cal. 1980); *In re Porter,* 11 B.R. 578 (Bkrtcy.Ct. Okla.1981). *Matter of Krahn,* 10 B.R. 770 (Bkrtcy.Ct.E.D.Wis.1981).

with reaffirmation agreements) bolsters the argument that Congress intended that there should be no time limitation with respect to complaints to avoid liens. Debtors also stress the Congressional intent of granting to a debtor an "unencumbered fresh start" and suggest that there could well surface due process questions if debtors, by failing to commence a lien avoidance action before the discharge date, lose their right to avoid Thorp's lien in the absence of receiving notice of any time limitation. Debtors also point out that, under the particular facts of this case, Thorp has in no manner been prejudiced by any delay on the part of Debtors in initiating their action. Therefore, there are no unique equitable considerations involved which preclude the debtors from pursuing their action at this time. Finally, debtors direct the Court's attention to § 350 of the Code which authorizes the bankruptcy court to reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause" in support of their argument that time limitations exist for the filing of a § 522(f) complaint.

The majority of courts which have considered this issue, many of which decisions are cited in debtors' brief,[3] hold that no time limitation exists upon the filing of lien avoidance complaints. In addition to these cases, this court is cognizant of a local decision rendered by its colleague, Judge Clevert, in the case of In re Barner, 20 B.R. 428 (Bkrtcy.Ct.E.D.Wis.1982). In Barner, a motion to dismiss the debtor's 522(f) complaint was based upon the fact that it had been filed after the granting of the discharge. In support of his ruling denying this motion, Judge Clevert observed:

"Judicially imposed deadlines for filing lien avoidance complaints, with the exception of those promulgated by the U.S. Supreme Court pursuant to its rule making authority, are contrary to Congressional intent. Subsection (f) (of 522 of the Bankruptcy Code) protects the debtor's exemptions, his discharge, and his fresh start by permitting him to avoid certain liens on exempt property. In this case where the debtor is attempting to protect her exemptions as well as her discharge, there is no just reason, consistent with those legislatively sanctioned objectives, to deny the debtor the opportunity to proceed on her complaint."

On the basis of the Barner decision as well as the cases cited by debtors, this Court is of the opinion that the better view is to allow the debtors to proceed with their lien avoidance action, under the particular circumstances involved.

Thorp's initial contention—namely, that unless debtors' lien avoidance actions are filed before the discharge, creditors could be deprived of certain remedies which they might otherwise use,—is invalid. The use of any of these creditor remedies is entirely separate and independent of the rights of a debtor to pursue a lien avoidance action. Even if a creditor establishes that a particular debt is nondischargeable, the debtor may nevertheless, still be entitled to pursue his lien avoidance action. In re Nowak, 20 B.R. 474 (Bkrtcy.Ct.E.D.Wis.1982). In that case, a debtor sought dismissal of a complaint to declare a debt nondischargeable on the ground that the creditor had failed to bring his dischargeability action as a counterclaim to debtor's earlier lien avoidance suit. The Court concluded that the rights and obligations of the parties with respect to these two claims hinge upon different facts and different legal principles and accordingly the debtor's motion to dismiss was denied. See also, In re Krajci, 6 B.C.D. 1322, 7 B.R. 242 (E.D.Pa.1980) where the court held that while fraud may be an issue in an action to determine dischargeability of debt, it is not an issue which may be raised in an action by the debtor to avoid a

---

**3.** *In re Brown,* 18 B.R. 323 (Bkrtcy.Ct.E.D.Cal. 1982), *In re Johnson,* 18 B.R. 555 (Bkrtcy.Ct.D. Md.1982); *Matter of Conley,* 17 B.R. 387 (Bkrtcy.Ct.S.D.Ohio 1982); *Matter of Montney,* 17 B.R. 353 (Bkrtcy.Ct.E.D.Mich.1982); *In re Newton,* 15 B.R. 640 (Bkrtcy.Ct.W.D.N.Y.1981);

*In re Baskins,* 14 B.R. 110 (Bkrtcy.Ct.E.D.N.C. 1981); *In re Gortmaker,* 14 B.R. 66 (Bkrtcy.Ct. D.S.D.1981); *In re Swanson,* 13 B.R. 851 (Bkrtcy.Ct.D.Idaho 1981); *In re Smart,* 13 B.R. 838 (Bkrtcy.Ct.D.Ariz.1981); *In re Bennett,* 13 B.R. 643 (Bkrtcy.Ct.W.D.Mich.1981).

lien under § 522(f). These actions are not inter-related or dependent upon each other. Creditors' remedies are not intended to act as a club over the debtor to be used to force him to forego his lien avoidance rights.

 Thorp's second argument that there must be certainty and finality in bankruptcy proceedings has a plausible ring. However, while there should be a cutoff point, this does not necessarily mean that it occurs at the time the discharge is granted. The fact that Congress did not specify that the date of discharge would serve as a cutoff point for lien avoidance actions (while doing so with respect to reaffirmation agreements) suggests that if there is to be any cutoff point, it should occur at another point in time. This Court is not prepared to state, as a general principle, that every lien avoidance action by a debtor can be initiated at any time. Rather, it prefers to consider all of the equities involved on a case by case basis. *See, In re Hall*, 22 B.R. 701 (Bkrtcy.Ct.E.D.Pa.1982) at page 702:

> "We believe that the better view is that a case should be reopened for consideration of a section 522(f) application unless equitable considerations dictate otherwise."

In the instant case, the Court notes that the bankruptcy case is still open, that the action by the debtor to set aside Thorp's lien was commenced only a matter of approximately two months after the discharge date and that Thorp has in no manner demonstrated any prejudice to it.

On the basis of the foregoing, the Court therefore concludes that the debtors' actions to set aside the lien of Thorp is timely and that the debtors may therefore proceed with their lien avoidance action.