In re Billy CARROLL, Debtor.

Billy Carroll, Movant,

v.

Memorial Medical Center, Inc., Respondent.

No. 95–60644.

United States Bankruptcy Court, S.D. Georgia, Statesboro Division.

Feb. 2, 2001.

R. Kenny Stone, Attorney at Law, Statesboro, GA, Thomas M. Odom, Attorney at Law, Millen, GA, for debtor/movant.

James B. Johnson, Jr., Attorney at Law, Lawrenceville, GA, Mark Cleary, Attorney at Law, Augusta, GA, for respondent.

### *ORDER*

JOHN S. DALIS, Chief Judge.

After reopening his case, Billy Carroll ("Debtor") filed a motion to avoid the judgment lien of Memorial Medical Center, Inc. ("Memorial") pursuant to 11 U.S.C. § 522(f)(1). The issue presented is whether Debtor has standing to avoid Memorial's lien on real property after he has transferred ownership of the property to a third party. The issue of standing turns on the Debtor's "interest" in the property as required in 11 U.S.C. § 522(f)(1). I conclude that since Debtor owned the subject property at the filing of the petition, Debtor has an interest in the property for the purposes of § 522(f) and therefore the lien may be avoided.

The facts are as follows. Debtor filed a Chapter 7 petition for relief on November 8, 1995. At the time of the filing Debtor owned and listed a 2.5 acre parcel of real property and mobile home located in Screven County, Georgia. Prior to the bankruptcy filing, Memorial obtained a default judgment against Debtor on March 3, 1995. The writ of fieri facias was issued on March 9, 1995. The judgment lien thereupon attached to Debtor's "goods and chattels, lands and tenements." Memorial was listed on the Debtor's schedules as an unsecured creditor. During the bankruptcy case, all value in the real property was claimed as exempt by the Debtor. No party in interest objected to the Debtor's claim of exemption. Debtor failed to file a motion to avoid the judgment lien of Memorial during the pendency of the bankruptcy case. Debtor received a discharge on February 28, 1996.

On May 20, 1996, Debtor conveyed title to the real property to a third party by warranty deed. The lien of Memorial was not cancelled as of the date of the conveyance. Upon motion of the Debtor, I reopened the bankruptcy case to allow the filing of the motion to avoid the judgment lien.

Section 522(f)(1) states in pertinent part:

notwithstanding any waiver of exemptions ..., the debtor may avoid the fixing of *a lien on an interest of the debtor in property* to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ...

11 U.S.C. § 522(f)(1) (emphasis added). The parties do not dispute the fact that a motion to avoid a judicial lien can be entertained by the bankruptcy court after a discharge has been issued if the debtor still owned the property. Nor do the parties dispute the fact that the avoidance would have been granted if requested during the pendency of the case. The parties dispute whether debtor now has an interest in the property for § 522 lien avoidance purposes after the conveyance of title.

Memorial argues that due to the conveyance of the subject property, the Debtor now lacks standing to seek avoidance of the lien. Memorial relies upon *In re Carilli,* 65 B.R. 280 (Bankr.E.D.N.Y.1986). On facts similar to this case, the *Carilli* court held that the debtor who had sold her residence five weeks previously lacked standing to move to avoid a judgement lien on the residence on grounds that the lien must impair an exemption of the debtor. *Carilli,* 65 B.R. at 283. The court interpreted the phrase in § 522(f) "an interest of the debtor in property" as requiring the debtor to have a "present cognizable interest in the property." *Id.* at 282; *accord In re Vitullo,* 60 B.R. 822 (D.N.J.1986); *In re Presti,* 1996 WL 788505 (Bankr.E.D.N.Y. 1996); *In re Sizemore,* 177 B.R. 530 (Bankr.E.D.Ky.1995).

I recognize that the weight of persuasive case law supports Memorial's position. However, I disagree with the reasoning

and analysis of these cases. In the above cases, the courts looked to the time of the filing of the motion to determine whether the Debtor had an interest in the property for § 522(f) purposes. I conclude that the proper time to determine whether Debtor has an interest in the property is the time of the filing of the bankruptcy case. As the district court in *Johnson v. GMAC*, 165 B.R. 524, 528 (S.D.Ga.1994) states:

> The date on which the bankruptcy petition is filed and the order for relief is entered is the watershed date of bankruptcy proceeding. As of this date, creditor's rights are fixed (as much as possible), the bankruptcy estate is created, and the value of the debtor's exemptions is determined.

165 B.R. at 528. The point to ascertain property interests is at the date of filing of the bankruptcy case. *Id.* at 529.

█ The filing date determines property of the estate and the debtor's remaining interest in that property and the reopening of the case does not change that fact. In the case of *In re Luhr*, Chapter 7 Case No. 95–20256, slip op. (Bankr.S.D.Ga. February 6, 1997) (Walker, J.), the Honorable James D. Walker, Jr., Judge of this Court looked to the petition date and determined that since the debtor held no interest in the subject property when the petition was filed the property was not property of the bankruptcy estate. Since Debtor owned the subject property at the time of the filing of the bankruptcy case and as of that date Debtor was able to avoid Memorial's lien, Debtor may now avoid the lien.

█ I do agree with *Carilli* that § 522 was meant to give the debtor a "fresh start." Allowing Debtor to avoid Memorial's lien is consistent with this objective. Memorial is in no different position now than if the motion to avoid had been filed earlier. In contrast, Debtor signed a warranty deed to a third party and if the lien is not avoided, Debtor is subject to a breach of warranty of title claim. Subjecting Debtor to such an action destroys his "fresh start."

It is therefore ORDERED that Debtor's motion to avoid the judgment lien of Memorial Medical Center, Inc. in and to:

> All that certain lot or parcel of land situate, lying and being in the 1653rd G.M. District of Screven County, Georgia, containing 2.5 acres, more or less, having a northeastern frontage on the Middleground public road for a distance of 330 feet and more particularly described as follows: Beginning at a point in the center of the Middleground public road to· Little Horse Creek Church where lands of Edward G. Cowthon adjoin lands of Marvin Lariscy and proceeding thence from said point along the common boundary line of Lariscy and Cowthon S 26° 5' 00" W for a distance of 315 ft., there to corner; thence N 57° 18' 05" W for a distance of 330 ft, there to corner; thence N 26° 05' 00" E for a distance of 315 ft. to the center line of the Middleground public road; thence S 57° 18' 05" E for a distance of 330 ft. along the center of said public road, there to corner and point of beginning. Said lands are bounded as follows: On the Northeast by the Middleground to Little Horse Creek public road, the center of the road being the line; on the Southeast by lands of Edward G. Cowthon; on the Southwest and Northwest by other lands of Marvin Lariscy. The lands herein conveyed embrace the northeastern corner of a 29.07 acre tract of land prepared by Bell & Futch Surveyors, dated January 24, 1986, and recorded in Plat Book ___ page ___ Of Screven County Records, which plat is by reference incorporated herein for more particular description.

is GRANTED.