**In re Janice L. MAILHOT, Debtor.**

**No. 96–12732.**

United States Bankruptcy Court,
D. Rhode Island.

Dec. 4, 2003.

---

successor in interest to Avco Financial Services of Rhode Island, Inc.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, Chapter 7 Trustee.

## ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor, Janice L. Mailhot's Motion to Avoid judicial liens held by Avco Financial Services of Rhode Island, Inc. ("Avco") and Coastway Credit Union ("Coastway"), pursuant to 11 U.S.C. § 522(f). Only Avco objected. At issue is whether the Debtor, who no longer owns the property has standing to seek the relief requested, and I conclude that she does. Therefore, for the reasons given below, and based on the record in this case, both motions are granted, and Avco's lien in the amount of $19,000 and the Coastway lien in the amount of $1,200 are avoided in their entirety.[1]

### BACKGROUND

On August 28, 1996, Janice and Steven Mailhot filed a joint Chapter 7 bankruptcy case, and in their schedule of assets listed the value of their house at $90,000, subject to a first mortgage in the amount of $73,635. Mr. and Mrs. Mailhot also claimed a $90,000 exemption in the property under 11 U.S.C. § 522(b)(2).[2] Steven Mailhot failed to appear at two Section 341 meetings of creditors and his case was dismissed. In January 1997 Janice Mail-

Peter G. Berman, Raskin & Berman, Providence, RI, for Debtor.

Vito L. Sciolto, Law Office of Vito L. Sciolto, Cranston, RI, for CitiFinancial,

---

1. Unless otherwise noted, all references to statutory sections or to "the Code" are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, et seq.

2. Under 11 U.S.C. § 522(d)(1) the available federal exemption was $15,000 and the State Exemption of $100,000 did not become effec-

tive until January 1, 1999. See P.L.1998, ch. 270, § 2. While this claim of exemption, in a 1996 case, is questionable, no one opposed the exemption in 1996 and the Creditor does not raise the question here, therefore, it is not an issue at this time.

hot received a discharge, and her case was closed.

Six years later, in March 2003, *Janice* sold the subject property but prior to disbursing the sale proceeds the closing attorney noticed the liens of Avco and Coastway, and he correctly held the funds pending a determination of the validity of the liens. The Debtor moved to reopen her bankruptcy case, and after a contested hearing the Motion to Reopen was granted. Thereafter, the Debtor filed motions to avoid the liens of Avco and Coastway and the matter was heard, with only the Debtor and Avco appearing.

## DISCUSSION

■ Code Section 522(f)(1) which governs lien avoidance, provides in part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien,...

11 U.S.C. § 522(f)(1). The First Circuit Court of Appeals has held that two requirements must be met to effect such lien avoidances: First, "the debtor must have had an ownership interest in the property before the lien attached;" and second, "avoidance of the lien must entitle the debtor to a state or federal exemption." *Patriot Portfolio, LLC v. Weinstein (In re Weinstein)*, 164 F.3d 677, 680 (1st Cir. 1999).

■ Avco argues that because the Debtor no longer owns the real estate in question, she is without standing to now seek avoidance of the lien. The case law on the subject is not uniform, and there is support for Avco's position that the debtor must have an interest in the property at the time of the filing of the motion to avoid the creditor's judicial lien. *See In re Vitullo*, 60 B.R. 822 (D.N.J.1986); *In re Sizemore*, 177 B.R. 530 (Bankr.E.D.Ky.1995); *Riddell v. N.C.R. Universal Credit Union (In re Riddell)*, 96 B.R. 816 (Bankr. S.D.Ohio 1989); *In re Carilli*, 65 B.R. 280 (Bankr.E.D.N.Y.1986).

On the other hand, the only circuit court to address this issue held that the focus should be on whether the debtor owned the property at the time of the fixing of the judicial lien, not when the motion to avoid lien is filed. *Culver, LLC v. Chiu (In re Chiu)*, 304 F.3d 905, 908–09 (9th Cir.2002). I consider the Ninth Circuit's reasoning more persuasive than that given in the bankruptcy court decisions cited above:

> The Supreme Court interpreted § 522(f)(1) in *Farrey [v. Sanderfoot]* as requiring that the debtor already have an interest in the property at the time that the lien attached. 500 U.S. [291] at 299[, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991)]. The Court explained that § 522(f)(1) permits the avoidance of the "fixing of a lien on an interest of a debtor" only if the "fixing" took place after the debtor acquired its interest. *Id.* The Court found the critical inquiry to be whether the debtor possessed the interest to which the lien fixed, before it fixed. *Id.*
>
> The application of the time-of-fixing rule to this case is most consistent with *Farrey*. We therefore agree with *Vincent* that the debtor need not have an interest in the property at the time it moves to avoid:
>
> > The operation of Section 522(f) is not to avoid a "lien", *per se*, although that is its practical effect in most cases. Rather, by its terms, Section 522(f) provides for the avoidance of the "fix-

ing" of certain liens. To "fix" means to "fasten a liability upon". Thus, Section 522(f) operates retrospectively to annul the *event* of fastening the subject lien upon a property interest. Accordingly, the fundamental question of ownership is whether the property encumbered by the subject lien was "property of the debtor" *at the time of the fixing* of that lien upon such property.

*In re Chiu,* 304 F.3d at 908–09 (*quoting In re Vincent,* 260 B.R. 617 (Bankr.D.Conn. 2000)). This holding also fits nicely with the First Circuit rule that "the debtor must have had an ownership interest in the property before the lien attached." *See Weinstein,* 164 F.3d at 680. Here, it is undisputed that the Debtor owned the real estate in question before the Avco and Coastway liens attached. Applying Section 522(f)(2)(A) as the Court did in *East Cambridge Savs. Bank v. Silveira (In re Silveira),* 141 F.3d 34 (1st Cir.1998), both liens are avoided in their entirety, because each fully impairs an exemption to which the Debtor would have been entitled[3] under subsection (b) of Code Section 522(f)(1).

Enter judgment consistent with this order.

---

3. Here, the sum of the Debtor's exemption ($90,000) and all consensual liens on her property ($73,635) *exceeds* the value of the property ($90,000), so there is no equity available for judicial lienholders. *See Silveira,* 141 F.3d at 38–39.