In re Donald J. WILDING, Debtor.

Donald J. Wilding, Appellant.

v.

CitiFinancial Consumer Financial Services, Inc., Appellee.

BAP Nos. RI 05–040.
Bankruptcy No. 01–14170–ANV.

United States Bankruptcy Appellate Panel of the First Circuit.

Nov. 9, 2005.

Christopher M. Lefebvre, Esq., Paw-tucket, TI, on brief for Appellant.

Americo M. Scungio, Esq., Westerly, RI, on brief for Appellee.

Before FEENEY, BOROFF, and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

The Debtor appeals from a bankruptcy court order (the "Order") denying the Debtor's motion to avoid a judicial lien held by CitiFinancial Consumer Financial Services, Inc. (the "Motion to Avoid Lien;" "CitiFinancial"). Because we conclude that the Debtor satisfied the lien before seeking to avoid it, and failed to take steps to protect his interest in property to which the lien was affixed or could affix, we AFFIRM.

## BACKGROUND

CitiFinancial recorded a judicial lien against the Debtor's residence in May of 2001. In November of that year, the Debtor commenced a Chapter 7 bankrupt-cy case in the District of Rhode Island. The Debtor's schedules did not list CitiFinancial as a secured creditor; instead, CitiFinancial was listed on Schedule F as an unsecured creditor with a claim amount of $9,777.36. Thereafter, the Debtor received his discharge and the case, deemed no-asset, was closed.

About two years later, the Debtor became aware of CitiFinancial's lien during the course of refinancing the mortgage on his residence. On December 22, 2004, the Debtor filed a motion to reopen his bankruptcy case "for the purpose of avoiding a judicial lien on the debtor's property" (the "Motion to Reopen"). Without waiting for a disposition of that motion (and the opportunity to file the Motion to Avoid Lien), the Debtor closed on the mortgage refinancing transaction and the lien was satisfied.[1] On December 29, a release of the CitiFinancial lien was recorded at the appropriate registry of deeds.[2] On January 5, 2005, the bankruptcy court granted the Motion to Reopen, without objection by CitiFinancial. However, when the Debtor filed the Motion to Avoid Lien on January 6, CitiFinancial objected on the grounds that the lien could not be avoided because it was no longer in existence.

At a non-evidentiary hearing before the bankruptcy court, the Debtor argued that CitiFinancial's lien could be avoided notwithstanding its release. Relying on *In re Mailhot*, 301 B.R. 774 (Bankr.D.R.I.2003), and *Culver LLC v. Chiu (In re Chiu)*, 304 F.3d 905 (9th Cir.2002), the Debtor argued that the only material question was whether the Debtor owned the property at the time of the "fixing" of the lien and that

1. The record is quite sparse relative to the details of the closing. We have not been told when CitiFinancial was paid in satisfaction of the lien or whether the Debtor signed closing documents authorizing that the lien be satisfied. However, the Appellant stipulated at oral argument that the lien was released prior to the date on which the Debtor's bankruptcy case was reopened.

2. The record does not reflect when the release was executed or by whom or even when the release was delivered or to whom.

"the fact that the lien actually had been 'dissolved' by payment" prior to filing of the Motion to Avoid Lien did not preclude its avoidance. CitiFinancial filed an objection, arguing that there was no longer a lien which could be avoided.

The bankruptcy court took the matter under advisement and subsequently issued the Order denying the Motion to Avoid Lien. The court distinguished *Mailhot* and *Chiu,* noting that in those cases the liens were still in effect, albeit on substituted property, when the debtors sought to avoid them, whereas in the instant case the Debtor had satisfied the lien before filing the Motion to Avoid Lien. This appeal followed.

## JURISDICTION

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.),* 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order "'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.,* 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate

panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.,* 226 B.R. 724 (1st Cir. BAP 1998). A bankruptcy court's order denying a motion to avoid lien is a final appealable order. *Snyder v. Rockland Trust Co. (In re Snyder),* 279 B.R. 1, 2 (1st Cir. BAP 2002).

## STANDARD OF REVIEW

■ Appellate courts generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20, n. 8 (1st Cir.1994). Here, the operative facts are not in dispute, and we review *de novo* the bankruptcy court's legal conclusion that the Debtor cannot avoid a judicial lien which he satisfied before seeking to avoid that lien. *See In re Chiu,* 304 F.3d at 908–909.

## DISCUSSION

■ 11 U.S.C. § 522(f)(1)(A)[3] allows a debtor to avoid the fixing of a judicial lien on an interest of property of the debtor to the extent such lien impairs an exemption to which the debtor would have been entitled.[4] To avoid a lien, therefore, "the debtor must have had an ownership interest in the property before the lien attached," and "avoidance of the lien must entitle the debtor to a state or federal exemption." *Patriot Portfolio, LLC v.*

---

**3.** All references to the "Bankruptcy Code" and all references to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.,* which shall hereinafter be referred to as "the Code."

**4.** Section 522(f)(1) provides in pertinent part:

Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—(A) a judicial lien.

*Weinstein (In re Weinstein),* 164 F.3d 677, 680 (1st Cir.1999). Here, there is no dispute that the Debtor held his interest in his residence before the judicial lien was fixed.[5] Where the parties disagree, however, is whether the Debtor can avoid the lien despite having satisfied it prior to filing the Motion to Avoid Lien.

The Debtor argues that the release of CitiFinancial's lien during the period between the filing of the motion to reopen and its allowance should not alter the Debtor's right to avoid the lien. The Debtor would ascribe to CitiFinancial the intention to undermine the Debtor's right to employ the benefits of § 522(f) by employing sharp tactics—that is, by releasing the lien before the bankruptcy court was prepared to act on the lien avoidance motion. The Debtor further claims that he failed to file the Motion to Avoid Lien more quickly because of a delay in the bankruptcy court's allowance of the Motion to Reopen; and the bankruptcy court's delay was compelled by the court's local rule for the disposition of uncontested motions. Such a local rule should not, the Debtor says, preclude his right to avoid the CitiFinancial lien.

■ The Debtor's arguments fail for several reasons. First and foremost, while the Debtor would have us focus on the timing of CitiFinancial's release of the lien in relation to the Debtor's filing of the motion to reopen, those are not the material dates. The important dates are those on which the Debtor fully satisfied the lien and *then* filed the motion seeking to avoid it. Although the record is unclear as to the precise date on which CitiFinancial received the funds, the parties agree that payment was made to CitiFinancial before the Debtor filed the Motion to Avoid Lien. Accordingly, when the motion was filed, there was no lien to avoid. Second, we are unable to locate any evidence in this record supporting any criticism of CitiFinancial's conduct. CitiFinancial was the holder of a lien. It received unrestricted payment of the underlying debt, and released the lien.[6] We have great difficulty hypothesizing a different or more correct course of action by CitiFinancial. Third, we summarily reject the argument that a local procedure of the bankruptcy court was the cause of the Debtor's present difficulties. The Debtor never sought expedited or emergency determination of his Motion to Reopen. Nor did the Debtor, as we note further below, cause ` the amount of the CitiFinancial payment to be placed in escrow pending a court determination. Fourth, and, most importantly, this argument was not even presented to the bankruptcy court. *See Aguiar v. Interbay Funding, LLC (In re Aguiar),* 311 B.R. 129, 135 (1st Cir. BAP 2004) ("Arguments not raised before the bankruptcy court are waived on appeal.").

Finally, we note, as did the bankruptcy court, an important distinguishing feature of the cases on which the Debtor relies, *Mailhot* and *Chiu.* Those courts held that a debtor may avoid a lien that was fixed against property which the debtor owned at the time of case commencement but not at the time when the motion to avoid lien was filed, so long as the debtor held an interest in the property at the time the lien was fixed. *Chiu,* 304 F.3d at 908–909;

---

5. Although there is dispute among the parties regarding the value of the Debtor's residence and whether or the extent to which CitiFinancial's lien may impair the Debtor's homestead exemption, the bankruptcy court did not reach this issue and it is not before us.

6. We reiterate that the record is unclear as to which date the release was dated or delivered, or by whom, and therefore the Debtor's characterization of the event is no more than argument.

*Mailhot,* 301 B.R. at 776–77. We do not quarrel with those holdings, nor did the bankruptcy court below.

However, in both *Mailhot* and *Chiu,* the liens remained in effect (i.e., remained fixed) in substituted property of the debtors. *Chiu,* 304 F.3d at 907; *Mailhot,* 301 B.R. at 776. Those debtors had taken steps to protect their interests in the property against which the lien was affixed (or the proceeds of the sale of said property) by placing the proceeds of the property in escrow rather than satisfying the lien. *See id.* As such, the liens remained fixed at the time the debtors sought to avoid them. *See id.*

The Debtor here did not leave the Citi-Financial lien fixed in his residence or in some substitute. The lien was satisfied outright. Thus, unlike *Mailhot* and *Chiu,* where the issue was the status of the debtor's ownership in property at the time a lien was fixed, here the issue is the status of the lien (i.e., whether it had become *un* fixed) at the time the Debtor sought to avoid it. We agree with the bankruptcy court that, because the lien was fully satisfied, it was no longer fixed on property of the Debtor at the time he filed his Motion to Avoid Lien. Accordingly, it was too late to employ the benefits of § 522(f) of the Code.

## CONCLUSION

For the reasons stated above, we find no error in the bankruptcy court's Order denying the Motion to Avoid Lien. The Order is therefore **AFFIRMED**.