**In re Leonard J. LEVY, Debtor.**

No. 96–32957.

United States Bankruptcy Court,
D. New Jersey.

Dec. 20, 2000.

Allen I. Gorski, Teich, Groh, Frost & Zindler, Trenton, New Jersey, for the debtor.

Gregory A. Lomax, Kozlov, Seaton, Romanini, Brooks & Greenberg, Cherry Hill, New Jersey, for creditor Gary N. Goldstein.

Robert M. Wood, Manasquan, New Jersey, Chapter 13 Trustee.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by debtor Leonard J. Levy to reopen his chapter 13 case and to avoid two judicial liens pursuant to 11 U.S.C. § 522(f) which Levy alleges impair his exemptions under section 522(d). Dr. Gary Goldstein (hereinafter "Goldstein") opposes the motion only as to the lien in his favor.[1] The

---

1. Wasco Funding Corp. (hereinafter "Wasco"), holds the other judicial lien. Wasco failed to respond to Levy's motion, and the court declines to raise an objection *sua sponte*

principal issues are whether the doctrine of laches bars the granting of the motion to reopen and whether Goldstein's lien can be avoided. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (K). This shall constitute the court's findings of fact and conclusions of law.

## FINDINGS OF FACT

The relevant facts are not in dispute. On April 11, 1996, Levy filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code (the Bankruptcy Code). In his petition, Levy scheduled Goldstein as an unsecured non-priority claimant with a claim of $175,000. In Schedule C, Levy claimed a homestead exemption in the amount of $100 under section 522(d)(1). In Schedule A, Levy asserted that his residence at 7 Brendan Place in West Windsor, New Jersey (hereinafter the "property"), was worth a total of $360,000, and was subject to a first mortgage of $340,000 in favor of First Federal Savings & Loan of Rochester. Levy also reported that his one-half share of the equity in the property, which he owns with his wife, is $10,000.

On September 13, 1996, the court entered an order confirming Levy's chapter 13 plan wherein Levy proposed to pay $330 per month for a period of 58 months. Upon completion of the plan, Levy was granted a discharge and on April 3, 2000, a final decree closing the chapter 13 case was entered.

Prior to the petition date, Goldstein's judicial lien had attached to Levy's property. On May 2, 1995, Goldstein obtained a

money judgment against Levy in the amount of $175,000, which was docketed on May 30, 1995. Levy did not move to avoid Goldstein's lien while the case was open. On August 31, 2000, Levy filed a motion to avoid the judicial liens. Because Levy's case was closed, the initial moving papers were rejected by the court clerk's office for administrative reasons. Thereafter, on October 3, 2000, Levy re-filed the motion which is presently before the court.

## CONCLUSIONS OF LAW

Levy's motion asks the court to reopen his chapter 13 case and to avoid judicial liens pursuant to section 522(f) [2]. Levy contends that his motion is timely filed and that Goldstein's lien impairs his homestead exemption under 522(d)(1) [3]. In opposition, Goldstein argues that the lien does not impair the exemption and that the doctrine of laches bars Levy's motion. Goldstein asks the court to deny the motion, or in the alternative, to allow discovery on the impairment issue and to conduct a valuation hearing.

■ The threshold issue is whether Levy can reopen his chapter 13 case for this purpose six months after it was closed and more than four years after it was filed. Bankruptcy Code section 350(b) provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." *See* 11 U.S.C. § 350(b). Section 522 lien avoidance has been recognized as sufficient cause for reopening a case under section 350(b), because lien avoidance affords relief to a debtor. *See Matter of Caicedo*, 159 B.R. 104, 105–06 (Bankr.D.Conn.1993) (cases cited). Signif-

on Wasco's behalf. The debtor's motion to avoid Wasco's judicial lien in its entirety is therefore granted.

**2.** Bankruptcy Code section 522(f)(1) states that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is (1) a judicial lien ..."

**3.** Bankruptcy Code section 522(d)(1), which provides for the homestead exemption, states that a debtor may exempt from the bankruptcy estate "the debtor's aggregate interest, not to exceed $16,150 in value, in real property ... that the debtor ... uses as a residence ..."

icantly, neither section 350(b), nor section 522(f), the lien avoidance provision Levy seeks to invoke, sets time limits within which the respective motions must be brought. *See Matter of Bianucci,* 4 F.3d 526, 528 (7th Cir.1993); *see also In re Procaccianti,* 253 B.R. 590, 591 (Bankr. D.R.I.2000); *In re McDonald,* 161 B.R. 697, 700 (D.Kan.1993). The result is that a bankruptcy court has broad discretion in deciding whether to reopen a case. *See Matter of Bianucci,* 4 F.3d at 528 (*citing Matter of Shondel,* 950 F.2d 1301, 1304 (7th Cir.1991)); *see also In re Palij,* 202 B.R. 27, 30 (Bankr.D.N.J.1996).

■ The bankruptcy court's discretion, however, is not absolute. A recognized limitation on the granting of motions to reopen for lien avoidance is the doctrine of laches. *See Matter of Caicedo,* 159 B.R. at 106. Laches is an equitable defense which allows a court to dismiss an action when there exists inexcusable delay in instituting an action and prejudice to the non-moving party as a result of the delay. *See Kepner–Tregoe, Inc. v. Executive Dev., Inc.,* 79 F.Supp.2d 474, 486 (D.N.J.1999) (*citing Pension Fund v. McCormick Dray Line, Inc.,* 85 F.3d 1098, 1108 (3d Cir. 1996)). The burden to prove the elements of the defense rests with the party asserting it. *See U.S. v. Koreh,* 59 F.3d 431, 445–46 (3d Cir.1995) (*citing EEOC v. Great Atlantic & Pacific Tea Co.,* 735 F.2d 69, 80 (3d Cir.), *cert. dismissed,* 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984)).

■ The only reason offered by Levy in filing this motion is the argument that a debtor cannot move to avoid a lien under Code section 522(f) until the debtor receives a discharge, which in a chapter 13 case is virtually always three to five years after the petition is filed. Levy cites no authority for this argument, however, and the court is not aware of any. Since the only reason offered for the delay is a legal argument which is incorrect, the delay in bringing this motion was not excusable.

■ To establish prejudice, which is the other element of the defense of laches, Goldstein must demonstrate that the delay caused him a disadvantage in asserting and establishing a claimed right or defense. *See U.S. Fire Ins. Co. v. Asbestospray, Inc.,* 182 F.3d 201, 208 (3d Cir.1999) (*citing In re Bohart,* 743 F.2d 313, 327 (5th Cir.1984)). Goldstein alleges that the delay has caused him to face the difficult and costly task of hiring an expert real estate appraiser to offer an opinion as to the value of the debtor's property in 1996.

That argument has merit. In *In re Montemurro,* 66 B.R. 124 (Bankr.E.D.N.Y. 1984), the court denied a motion to avoid a judicial lien filed approximately two years after the petition date on the ground that the valuation of property as of the petition date would be difficult and speculative because the passage of time. In *In re Caicedo, supra,* the court denied a motion to reopen a case to avoid a lien under Code section 522(f) in part on the ground that a valuation of the property as of the petition date eight years earlier would entail substantial expense to the creditor, and that such expense constituted prejudice to the creditor for purposes of laches. *See also In re Bianucci, supra,* holding that a delay of seven years after the petition date in seeking lien avoidance under Code section 522(f), coupled with expenses the creditor incurred to enforce the lien, precluded reopening of the case for lien avoidance. In this case, the court holds that the additional expense and difficulty which would be imposed on Goldstein in attempting to appraise the property's value as of a petition date more than four years past constitutes prejudice to Goldstein.

If the delay had been excusable, the prejudice to Goldstein might have been removed by requiring Levy to pay the difference between the cost of a current appraisal and the cost of an appraisal as of the petition date of more than four years ago. *See e.g., In re Bianucci,* 4 F.3d at 529 (stating that "[w]hile it may be permissible for a bankruptcy court to condition

reopening on reimbursement, we do not believe the court must do so.") Since, however, the delay was inexcusable, the court holds that Goldstein has met his burden of proving the defense of laches.

## CONCLUSION

For the foregoing reasons, Levy's motion to reopen the case is granted for the purpose of avoiding Wasco's lien since Wasco did not oppose the motion. The motion to avoid Goldstein's lien is, however, denied on the ground of laches. Goldstein shall file an order within ten days under D.N.J. LBR 9072–1(c).