In re: Thomas Kai–Ming CHIU; In re: Linda Luk Chiu, Debtors,

Culver, LLC, Appellant,

v.

Thomas Kai–Ming Chiu; Linda Luk Chiu, Appellees.

No. 01–56578.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2002.

Filed Sept. 18, 2002.

Halli B. Heston and Richard G. Heston, Heston & Heston, Newport Beach, CA, for appellees Thomas Kai–Ming Chiu and Linda Luk Chiu.

James A. Hayes, Jr., Ashworth, Hayes & Moran, LLP, Laguna Niguel, CA; and Frederick B. Sainick and Richard P. Whitney, Sainick & Cote, Newport Beach, CA, for appellant Culver, LLC.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and MAHAN,* District Judge.

## OPINION

MAHAN, District Judge.

Thomas Kai–Ming Chiu and Linda Luk Chiu (hereinafter "debtors") filed a voluntary petition under Chapter 7 on July 25, 1995. Debtors scheduled their interest in a piece of residential real property (herein-

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

after "the subject property"). Culver[1] had a judicial lien on the subject property in the amount of $42,725.57. Debtors also claimed a homestead exemption on the subject property. However, during the bankruptcy proceedings, debtors did not take action to avoid the Culver lien under 11 U.S.C. § 522(f)(1). The debtors were granted a discharge on December 4, 1995, and the case was closed on December 15, 1995.

In December 1999, debtors sold the subject property and were notified that the lien amount would have to be paid or $48,000 would be withheld from the sale proceeds. The sale of the subject property was recorded on January 14, 2000, with the escrow company holding approximately $48,000 pending a judicial determination of debtors' liability on the lien.

On January 20, 2000, debtors filed a motion to reopen their bankruptcy case, which was granted. Debtors also filed a motion to avoid the judicial lien under 11 U.S.C. § 522(f)(1), claiming that the lien impaired their homestead exemption. Culver opposed the motion.

The bankruptcy court determined that the lien avoidance related back to the date of the filing of the bankruptcy petition and granted the motion to avoid the lien on May 24, 2000. Culver failed to seek a stay, so debtors recorded the order of the bankruptcy court. The escrow company, relying on the order, disbursed the remaining proceeds to debtors.

Culver appealed the bankruptcy court's decision to the Bankruptcy Appellate Panel (BAP). The BAP affirmed the bankruptcy court's decision. *Culver, LLC v. Chiu (In re Chiu)*, 266 B.R. 743 (9th Cir. BAP 2001). Culver now appeals.

1. Culver is successor in interest to Heritage Square. Heritage Square recorded a judicial lien on October 14, 1993, for a judgment it

## DISCUSSION

 **I.** Prior to addressing the merits of the case, we must determine whether it is moot. Debtors contend that the case is moot because the bankruptcy court's order was recorded and relied on by third parties. The escrow company disbursed the $48,000 it had been holding, and neither the escrow company nor the buyers are parties to this action. Debtors assert that because third parties have relied on the lower court's decision, reversing the decision without their participation would be unwieldy and unfair.

Debtors' mootness argument is without merit. The buyers of the house were not bona fide purchasers because they were aware of the lien and expressly took title subject to the lien. While the escrow company may have relied upon the bankruptcy court's order in disbursing the funds, its good-faith reliance does not affect Culver's lien. Nothing in the record suggests that this court cannot provide effective relief by reinstating Culver's lien on the subject property.

 **II.** The crux of Culver's argument is that the lien-avoidance provision of the Bankruptcy Code does not allow a debtor who no longer has an interest in property to avoid a judicial lien on that property. 11 U.S.C. § 522(f)(1) provides that a debtor:

> may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien. . . .

obtained against debtors for the breach of a commercial lease.

The purpose of § 522(f)(1) is to provide relief for an overburdened debtor. *Farrey v. Sanderfoot,* 500 U.S. 291, 297–98, 111 S.Ct. 1825, 1829–30, 114 L.Ed.2d 337 (1991) (citing H.R.Rep. No. 95–595, at 126–27 (1977), U.S. Code Cong. & Admin. News 5963, 6087–88). "[A] principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts." *Id.*

We have previously determined that "under § 522(f)(1), a debtor may avoid a lien if three conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." *Estate of Catli v. Catli (In re Catli),* 999 F.2d 1405, 1406 (9th Cir. 1993). Culver concedes that the second and third prongs of this test are met, but contends that the first prong is not met because debtors did not have an interest in the property when they brought the motion to avoid the lien. Debtors do not dispute that they had no interest in the property at the time they moved to avoid. They argue, however, that to satisfy § 522(f)(1), they need only have had an interest in the property at the time they filed for bankruptcy or, in the alternative, at the time the lien attached.

Thus the issue for this court to resolve is whether, for purposes of applying § 522(f)(1), the debtor must have an interest in the exempt property at the time of moving to avoid the lien, at the time of filing for bankruptcy, or at the time when the lien "fixed," or "attached." This question has not been squarely addressed by this court. Several lower courts have addressed the issue, with varying results. *Compare In re Vincent,* 260 B.R. 617 (Bankr.D.Conn.2000) (time of fixing of the lien), *and Carroll v. Mem'l Med. Ctr., Inc. (In re Carroll),* 258 B.R. 316 (Bankr. S.D.Ga.2001) (time of filing of the bankruptcy petition), *with In re Vitullo,* 60 B.R. 822 (D.N.J.1986) (time of motion to avoid); *In re Sizemore,* 177 B.R. 530 (Bankr. E.D.Ky.1995) (same); *Riddell v. N.C.R. Universal Credit Union (In re Riddell),* 96 B.R. 816 (Bankr.S.D.Ohio 1989) (same); *(In re Kudrna), Kudrna v. Credit Bureau, Inc.,* 173 B.R. 934 (Bankr.D.Idaho 1994) (same); *In re Carilli,* 65 B.R. 280 (Bankr. E.D.N.Y.1986) (same); *In re Montemurro,* 66 B.R. 124 (Bankr.E.D.N.Y.1984) (same).

The Supreme Court interpreted § 522(f)(1) in *Farrey* as requiring that the debtor already have an interest in the property at the time that the lien attached. 500 U.S. at 299. The Court explained that § 522(f)(1) permits the avoidance of the "fixing of a lien on an interest of a debtor" only if the "fixing" took place after the debtor acquired its interest. *Id.* The Court found the critical inquiry to be whether the debtor possessed the interest to which the lien fixed, before it fixed. *Id.*

The application of the time-of-fixing rule to this case is most consistent with *Farrey.* We therefore agree with *Vincent* that the debtor need not have an interest in the property at the time it moves to avoid:

> The operation of Section 522(f) is not to avoid a "lien", *per se,* although that is its practical effect in most cases. Rather, by its terms, Section 522(f) provides for the avoidance of the "fixing" of certain liens. To "fix" means to "fasten a liability upon". Thus, Section 522(f) operates retrospectively to annul the *event* of fastening the subject lien upon a property interest. Accordingly, the fundamental question of ownership is whether the property encumbered by the subject lien was "property of the debtor" *at the time of the fixing* of that lien upon such property.

*Vincent,* 260 B.R. at 620–21 (citation omitted).

It is undisputed that debtors owned the subject property before the lien fixed upon it. Culver concedes that the lien impaired an exemption to which debtors were entitled. Because debtors satisfied the requirements of § 522(f)(1), they were entitled to avoid the lien.

AFFIRMED.