**In re Sherry ORR, Debtor.**

No. 99–40708.

United States Bankruptcy Court, S.D. Illinois.

Jan. 5, 2004.

Mark H. Kunin, Collinsville, IL, for Union Bank, Creditor.

Michael Curry—Mueller Associates, Mt Vernon, IL, William E. Wells, Wells Law Office, Marion, IL, for Sherry L. Orr, Debtor.

Michael V. Oshel, Harrisburg, IL, for Citizens Bank of Illinois, Creditor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on the debtor's motion to avoid the judicial lien of creditor, Citizens Bank of Illinois ("Bank") under § 522(f)(1).[1] The Bank objects that the debtor's motion comes too late because the debtor's case was closed almost four years ago and the property in question has since been conveyed to a third party. At issue is whether the debtor may avoid the Bank's lien at this time despite her subsequent sale of the property.

The facts are undisputed. The debtor filed her Chapter 7 case in April 1999, and in August 1999 the Court entered an order of discharge and order closing case. At the time of filing, the debtor owned residential real estate valued at $11,700.00, which was subject to a mortgage in the amount of $6,600.00. In addition, the debtor claimed a homestead exemption in the property in the amount of $7,500.00.

Unbeknownst to the debtor, there were also two judicial liens on the property, one held by American General Finance in the amount of $3,379.47 and the other held by the Bank in the amount of $4,937.84. Both creditors were listed in the debtor's bankruptcy schedules as general unsecured creditors, although each creditor had obtained a lien against the debtor's property by filing a memorandum of judgment prior to bankruptcy.

In April 2001, the debtor conveyed the property by warranty deed to a third party, Shirley Walls, and the mortgage on the property was satisfied from the sale proceeds. Ms. Walls later attempted to resell the property to another owner. It was at this time that the judicial liens on the property were discovered.

In July 2003, the debtor obtained an order reopening her case and filed motions to avoid both liens. American General Finance failed to respond, and the Court accordingly entered an order avoiding that creditor's lien. The Bank, however, filed an objection, asserting that the debtor may not avoid its lien under § 522(f)(1) as impairing her exemption because, having sold the property, she no longer has any exemption to protect.

The crux of the Bank's argument is that in order to avoid a lien under § 522(f)(1), a debtor must have a current ownership interest in the subject property at the time the motion is filed. The debtor, while conceding that she no longer owns the property in question, maintains that under § 522(f)(1), she was merely required to have an exemptible interest in the property when her bankruptcy petition was filed, as exemptions are determined at the time

---

1. Section 522(f)(1) provides, in pertinent part: [A] debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled [but for the lien] if such lien is—
   (A) a judicial lien . . . .

of filing and § 522(f)(1) protects exemptions in existence at that time.

■ The issue for the Court to resolve is whether a debtor may avoid a lien on exempt property under § 522(f)(1) even though the debtor no longer has an interest in the property to which the lien attached. Other courts have addressed this issue with varying results, depending on whether they determine that, for purposes of applying § 522(f)(1), a debtor must have an interest in the exempt property at the time of moving to avoid the lien, at the time of filing for bankruptcy, or at the time the lien "fixed" or "attached" to the property in question.[2] *See In re Chiu,* 304 F.3d 905 (9th Cir.2002) (collecting cases).

In *Chiu,*[3] the court looked to the language and purpose of § 522(f)(1), noting that Congress singled out judicial liens for avoidance because they are a device commonly used by creditors to defeat the protection that bankruptcy law accords exempt property against debts. *See Chiu,* 304 F.3d at 908. The *Chiu* court, citing *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 1829–30, 114 L.Ed.2d 337 (1991), observed that § 522(f)(1) permits the avoidance of the fixing of a lien on an interest of a debtor only if the "fixing" took place after the debtor acquired an interest. *Chiu* at 908. Given the *Farrey* court's finding that the critical inquiry in applying § 522(f)(1) is "whether the debtor possessed the interest to which the lien fixed, before it fixed," the court concluded that the "time of fixing" rule was most consistent with *Farrey.* Thus, the *Chiu* court found, a debtor "need not have an interest in the [exempt] property at the time [the debtor] moves to avoid" a lien under § 522(f)(1), so long as the debtor possessed the interest before the lien "fixed" or "attached" to the property. *See id.* The court stated:

> The operation of § 522(f) is not to avoid a "lien," *per se,* although that is its practical effect in most cases. Rather, by its terms, § 522(f) provides for the avoidance of the "fixing" of certain liens. To "fix" means to "fasten a liability upon." Thus, § 522(f) operates retrospectively to annul the *event* of fastening the subject lien upon a property interest. [T]he fundamental question of ownership is whether the property encumbered by the subject lien was "property of the debtor" *at the time of the fixing* of that lien upon such property.

*Chiu,* 304 F.3d at 908 (emphasis in original) (quoting *Vincent,* 260 B.R. at 620–21).

This Court finds the reasoning of *Chiu* to be persuasive and, accordingly, adopts its position as its own. In the present case, it is not disputed that the debtor owned the residential property in question at the time the Bank's lien attached, and the debtor, accordingly, is entitled to avoid the Bank's lien under § 522(f)(1) even though she has since sold the property. This result preserves the debtor's exemption rights allowed under state law and furthers the policy of liberally construing exemption provisions in order to give the debtor a fresh start.

■ Despite ample opportunity, the Bank has failed to show that it is prejudiced in any way by reason of the debtor's protracted delay in filing her motion to

---

2. *Cf. In re Vitullo,* 60 B.R. 822, 824 (D.N.J. 1986) (time of moving to avoid the lien); *and In re Carroll,* 258 B.R. 316, 318 (Bankr. S.D.Ga.2001) (time of filing for bankruptcy), *with In re Vincent,* 260 B.R. 617, 621 (Bankr. D.Conn.2000) (time the lien fixed or attached).

3. The Seventh Circuit Court of Appeals has not ruled on the matter at issue, and *Chiu* is the only decision from a circuit court of appeals to have squarely addressed it.

avoid lien under § 522(f)(1). To establish prejudice, which is a necessary element of the equitable doctrine of laches, the party against whom relief is sought must demonstrate that the movant's delay caused it a disadvantage in asserting a claimed right or defense. *See In re Levy,* 256 B.R. 563, 566 (Bankr.D.N.J.2000).[4] In this case, there is no dispute as to the value of the debtor's real estate for purposes of determining the extent of impairment under § 522(f)(2)(A), and the Bank has not alleged that it will suffer the expense of an appraiser or that any valuation would be speculative. Indeed, the only prejudice the Bank has indicated is that its lien will now be subject to avoidance, which would have occurred even if the debtor had filed her motion to avoid lien without delay. Since the debtor is only exercising the rights afforded her by law, any such "prejudice" is not sufficient to bar the debtor's action based on laches.

Applying the statutory formula to the lien amounts and values agreed upon by the parties, the Court finds that the debtor is entitled to avoid the Bank's lien in full.[5] The sum of the Bank's lien of $4,937.84; the mortgage of $6,600.00; and the debtor's exemption of $7,500.00 exceeds the property's value of $11,700.00. Accordingly, the debtor's motion will be granted and the Bank's lien avoided.

---

4. In *Levy,* the court denied the debtor's § 522(f)(1) motion that was filed four years after his bankruptcy filing. The court found that the delay would cause the creditor to face the "difficult and costly task" of hiring an expert real estate appraiser to offer an opinion as to the value of the debtor's property at the time of filing.

5. Section 522(f)(2)(A) provides:

... [A] lien shall be considered to impair an exemption to the extent that the sum of—
  (i) the lien,
  (ii) all other liens on the property; and
  (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.
11 U.S.C. § 522(f)(2)(A).