**In re Renata DRYJA, Debtor.**

**No. 00–11911.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 11, 2005.

Julius P. Amourgis, Akron, OH, for Debtor.

*MEMORANDUM OF OPINION
AND ORDER*

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is Renata Dryja's ("Debtor's") motion to reopen her previously filed Chapter 7 case, along with a motion for contempt. The Debtor entered into a purchase agreement on July 6, 2004 with Leslie Barner ("Buyer") to sell her personal residence at 116 Whitehall Dr. Berea, Ohio 44017 for $125,000.00 ("Property"). The sale was scheduled to close at the end of August 2004, but did not proceed due to a creditor's judgment lien upon the property. A sheriff's sale was also scheduled for November 22, 2004. Foremost, this Court must determine whether the Debtor has a meritorious basis from which to reopen her former bankruptcy case. The Court acquires core matter jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and (b), § 1334, and General Order Number 84 of this District.

In July of 1988, Donald and Jean Hartman obtained a judgment in excess of $21,000 plus interest against the Debtor in the Rocky River, Ohio Municipal Court. On March 17, 2000, the Debtor filed her first Chapter 13 case, which was eventually converted to Chapter 7 proceedings. In October of 2000, the Hartmans obtained a judgment lien against the Debtor's subject property [Lien No. 00–139779]. The Hartmans obtained another lien in 2002 [Lien No. 02–178760]. In November of 2000, the Debtor was granted a discharge in her Chapter 7 case. On June 19, 2002, the Debtor's bankruptcy case was closed.

In 2001, 2002, and 2003, the Debtor filed three successive Chapter 13 Bankruptcy cases, Nos. 01–17043, 02–13483 and 03–24868. Each of the those bankruptcy cases was dismissed before they were com-

pleted. In Debtor's Case No. 01–17043, plan confirmation was denied and the Debtor's case was dismissed. Similarly, in Case No. 02–13483, plan confirmation was denied and the Debtor's case was dismissed. Thereupon, the Debtor filed a motion to reinstate the latter case which was granted. Shortly thereafter, the case was again dismissed for failure to fund the Chapter 13 plan. In the last of those three cases, Case No. 03–24868, plan confirmation was again denied and the Debtor's case was dismissed for the Debtor's failure to make plan payments.

The Debtor filed the present matter as an emergency motion seeking an expedited hearing to request that her 2000 Chapter 7 bankruptcy case, (not one of her three Chapter 13 cases) be reopened, along with a motion for contempt, alleging that the Hartman's have violated this Court's previous discharge injunction by placing their judgment liens upon the Debtor's property which has prevented the private sale.

The issue presented in this case is partially governed by § 350 of the Bankruptcy Code. Section 350 provides in relevant part:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C.A. § 350(b).

In *Mead v. Helm,* the Sixth Circuit determined:

> The overriding principle is that section 350(b) confers upon the bankruptcy court *broad discretion* in determining whether to reopen a case and its decision to grant or deny a motion to reopen is binding absent a clear abuse of discretion. *In re Rosinski,* 759 F.2d 539, 540–41 (6th Cir.1985).

What constitutes *"other cause"* for reopening a case is left to the court's discretion. In *In re Fair Creamery Co.,* 193 F.2d 5 (6th Cir.1951) (per curiam), the court refused to reopen a case when *petitioners were guilty of laches,* further administration of the estate would not yield additional estate assets, and no evidence of fraud was offered.

*Mead v. Helm,* 865 F.2d 1268, 1989 WL 292, \*3 (6th Cir.1989) (emphasis added); accord, *In re Humar,* 163 B.R. 296, 297 (Bankr.N.D.Ohio1993).

■ In the present matter, the Debtor has not provided this Court with a compelling reason why her case should be reopened. To the contrary, the Debtor has filed five bankruptcies to date, three cases that have been dismissed and one case that is still pending.[1] During the pendency of each of the Debtor's previously filed cases, the subject liens were attached to her property. The Debtor was aware of the Hartman's judgment prior to the filing of her first bankruptcy in 2000 and has continued to file successive bankruptcies since that time. The record reflects no challenge by the Debtor to the liens in any of her previous bankruptcies. The Hartman's liens attached postpetition in 2000 and 2002, respectively. Additionally, the Debtor incorrectly asserts that the Hartmans have willfully violated this Court's discharge injunction. As such, reopening the 2000 bankruptcy case is unwarranted and the equitable doctrine of laches applies in the present matter.

■ Under the doctrine of laches, a court may dismiss an action where there exists inexcusable delay in instituting an action, resulting in prejudice to the nonmoving party. *In re Levy,* 256 B.R. 563, (Bankr.D.N.J.2000).

---

1. The Debtor filed her fifth bankruptcy on November 22, 2004, the same day as the scheduled sheriff's sale of the subject Property in this case.

In the case of *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961), the United States Supreme Court stated that the two elements of laches are: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.

In the bankruptcy case of *In re Frasier,* 294 B.R. 362, 368 (Bankr.D.Colo.2003), the Court cited to *Costello* and opined:

> [T]he Debtor's delay in scheduling the Creditors and *dealing with their liens,* coupled with the confluence of events and the *actions or inaction by the Debtor—before, during and after the bankruptcy*—resulted in prejudice to the Creditors, and mandates that this case not be reopened.

> ───

> [T]he defense of laches—in other words, a long delay in reopening a case—in conjunction with other factors, may constitute prejudice. *Id.*; see *Hawkins v. Landmark Fin. Co.,* 727 F.2d 324, 327 (4th Cir.1984) (passage of eight months and failure to reopen case until a creditor instituted a foreclosure proceeding is sufficient to constitute a valid defense of laches); *In re Guzman,* 130 B.R. 489, 492 (Bankr.W.D.Tx.1991) (passage of over a year, alone, was enough to deny reopening of a closed Chapter 7 case); see also H.R.Rep. No. 101–595, 95th Cong., 1st Sess. 338 (1977), U.S.Code Cong. & Admin.News 368 1978, 5963, 6294–95; S.Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5835 (legislative history and commentary suggests that laches may constitute a bar to the reopening of a case to pursue an action that has been delayed too long).

*In re Frasier,* 294 B.R. 362, 367–368 (Bankr.D.Colo.2003) (Emphasis added).

More than four years have elapsed since the Debtor obtained a discharge in her Chapter 7 case, and more than two years have elapsed since the case was closed. As noted by the United States Supreme Court in *Katchen v. Landy:*

> [T]his Court has long recognized that a chief purpose of the bankruptcy laws is "to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period".

*Katchen v. Landy,* 382 U.S. 323, 328–329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966).

Herein, the Debtor has shown no reason for her delay in prosecuting an action pertinent to the liens which attached in 2000 and 2002, respectively. This is particularly remarkable as the Debtor has filed four bankruptcy cases subsequent to the lien's attachment in 2000. Thusly, the case should not be reopened. Consequently, the Debtor has failed to demonstrate a viable basis for enjoining third parties.

Additionally, the Debtor's three dismissed bankruptcy filings in 2001, 2002, and 2003, evince a lack of diligent prosecution on the part of the Debtor to prosecute her cases to completion. Furthermore, allowing the Debtor the opportunity to reopen her Chapter 7 case would unfairly prejudice the lien-holders since they would be subjected to additional financial expense and delay. Debtor has not shown or alleged that the reopening of her case would yield additional estate assets. Finally, it is well settled that "the court will not grant a motion to reopen when no clear benefit is shown to creditors." *In re Borer,* 73 B.R. 29, 31 (Bankr. N.D.Ohio1987) citing *In re Brooks,* 200 F.Supp. 497 (N.D.Ohio 1962). Debtor has presented no allegations or evidence of a benefit to creditors in this motion to reopen.

The Court having determined that the Debtor's motion to reopen her case is not well premised, it becomes unnecessary for the Court to consider the substance of the

Debtor's motion for contempt against the Hartmans. Should, however, it be considered otherwise, the basis for the contempt finding has not been well plead. Firstly, the injunctive relief sought in this regard is upon the Debtor's reliance on § 727 of the Bankruptcy Code [11 U.S.C. § 727]. As provided, no subsection of § 727 addresses injunctive relief. Secondly, Debtor asserts that the Hartman's have violated the injunctive provisions of § 524 of the Code. Such an allegation is conclusory and is unsubstantiated.

■ Section 524 of the Bankruptcy Code addresses the effect of a discharge. It, indeed, provides for injunctive relief but only where it is properly plead. Herein, the Debtor merely cites to " § 524", but fails to assert any specific subsection of the Code provision on which she relies for support. The Debtor has also failed to allege any fraudulent conduct committed by third parties. Section 524 is comprised of several subsections, and none of the subsections have been plead specifically by the Debtor.

Accordingly, the Debtor's motion to re-open and motion for contempt are hereby denied. Each party is to bear its respective costs.

IT IS SO ORDERED.

### JUDGMENT

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor's motion to reopen reopen and motion for contempt are hereby denied. Each party is to bear its respective costs.

IT IS SO ORDERED.