**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

In re:                              )   BAP No.   SC-16-1066-JuFY
                                    )
NASHAT NAOOM and MANAL NAOOM        )   Bk. No.   15-02484-LT7
                                    )
            Debtors.                )
_____)
                                    )
CREDIT ONE CORPORATION,             )
                                    )
            Appellant,              )
                                    )
v.                                  )   **M E M O R A N D U M**[*]
                                    )
NASHAT NAOOM; MANAL NAOOM,          )
                                    )
            Appellees.              )
_____)

Argued and Submitted on January 19, 2017
at San Diego, California

Filed - February 1, 2017

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Laura S. Taylor, Chief Bankruptcy Judge, Presiding

_____

Appearances:    Dixon Leon Gardner of Madison Harbor, ALC for
                appellant Credit One Corporation; David E.
                Britton of Lockhart & Britton for appellees
                Nashat and Manal Naoom.

_____

Before:  JURY, FARIS, and YUN,[**] Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] Hon. Scott H. Yun, United States Bankruptcy Judge for the Central District of California, sitting by designation.

-1-

Credit One Corporation ("Credit One") appeals the decision of the bankruptcy court which (1) after an evidentiary hearing, valued Chapter 7[1] debtors', Manal Naoom and Nashat Naoom ("Debtors"), investment property at $600,000.00, and (2) partially avoided Credit One's judicial lien pursuant to § 522(f)(1). Credit One argues on appeal that the bankruptcy court failed to consider evidence at trial that would value the property at a higher amount. For the reasons set forth below, we AFFIRM.

## I.  FACTS

The instant appeal centers around a contested evidentiary dispute on the value of Debtors' investment property located at 4189 Rolando Blvd., San Diego, California 92115 (the "Property").

On April 17, 2015, Debtors filed a joint chapter 7 petition listing the Property on Schedule A with a value of $450,000.00. The Property was encumbered by a first deed of trust in favor of Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of $516,399.67. It was also encumbered by a judicial lien recorded by Credit One in the amount of $122,747.39, and a $5,889.62 lien for delinquent property taxes recorded by San Diego County. Debtors claimed the Property as exempt in the amount of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

$26,765.00 pursuant to California Code of Civil Procedure § 704.730(b)(5).[2]

Debtors primarily leased the Property to auto repair and service tenants. The Property is improved with two separate concrete block buildings. The first building is approximately 1,008 square feet and can be leased to one tenant ("Building A"). USA Smog has been a longstanding tenant in Building A. The second building is approximately 2,000 square feet, but is divided into two units. ("Building B"). Cartunist Auto Repair has been a longstanding tenant in one unit in Building B. The second unit in Building B had been vacant for awhile on the petition date, but was leased shortly thereafter to Peter Auto Repair.

On July 23, 2015, Debtors filed a motion under § 522(f)(1) to avoid Credit One's judicial lien. Credit One filed an opposition on August 5, 2015, disputing the value of the Property. On August 19, 2015, Debtors filed a reply, attaching an appraisal report prepared by John Agamata ("Agamata"), who valued the Property at $450,000.00 (the "Agamata Appraisal"). Notably, Agamata had appraised the Property at various times prior to the Agamata Appraisal, and two of his earlier appraisals were received into evidence. The first was conducted in 2011 when Agamata valued the Property at $535,000.00. The

---

[2] On the petition date, Debtors did not claim the Property as exempt. However, after various amendments to Schedule C, the last of which occurred just prior to the evidentiary hearing, Debtors claimed the Property as exempt in the full amount of $26,765.00.

-3-

second was conducted in 2013 when he valued the Property at $550,000.00.

On August 26, 2015, the bankruptcy court issued a tentative ruling allowing Credit One an opportunity to obtain an appraisal. On that same day, Credit One filed an appraisal report and two supporting declarations from Jeff Greenwald ("Greenwald") and John Morgan ("Morgan"), who opined that the value of the Property was $600,000.00 on the petition date (the "Morgan Appraisal"). On October 30, 2015, the bankruptcy court set an evidentiary hearing in January 2016 to reconcile the differences between the Agamata Appraisal and the Morgan Appraisal.

Prior to the evidentiary hearing, Credit One filed a supplemental brief and declaration of Morgan which asserted that the Property should be valued at $653,091.20. Credit One argued that the increase in value was due to Debtors providing Morgan incorrect information regarding (1) the longevity of the leasehold interests,[3] and (2) the correct rent roll information.[4] Morgan then used the rent roll information from the Agamata Appraisal in his own analysis to arrive at the $653,091.20

[3] Morgan asserted that Debtors represented to him that all of the tenants occupying the Property were on a month-to-month tenancy, when in fact, USA Smog and Cartunist Auto Repair had prior long-term tenancies, which only became month-to-month because of the bankruptcy.

[4] Morgan asserted that Debtors represented to him that the monthly rental income from all of the tenants was $4,800 per month (or $57,600 per year). However, after reviewing the Agamata Appraisal in August of 2015, Morgan became aware that the actual rental income was $6,000 per month (or $72,000 per year).

figure; in the written Morgan Appraisal, Morgan had used the allegedly incorrect figures provided by Debtor.[5]

The bankruptcy court held a two-day evidentiary hearing where the court heard extensive testimony from Morgan, Agamata, Debtors, and the owner of Cartunist Auto Repair, Tang In. In its written closing argument, Credit One argued that the Property should be valued at $680,320.00. It based the $680,320.00 value on Morgan's testimony at trial when he calculated the figure on the stand by using the correct rent roll information. On February 12, 2016, Debtors filed their reply to Credit One's closing argument, still asserting Agamata's value.

On March 9, 2016, the court issued its oral ruling, valuing the Property at $600,000.00. In doing so, the court made various factual findings, weighed the exhibits and testimony presented at trial, accepted the written Morgan Appraisal as the proper valuation of the Property, and totally rejected the Agamata Appraisal. As a result of this valuation, the court partially avoided Credit One's judicial lien in the amount of $71,801.68. Credit One filed a timely appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

---

[5] Although Morgan was provided with incorrect rent roll information, Morgan had based his appraisal on projected market rent. As a result, Morgan projected that market rent would be $72,879.00 per year, which is only a $879.00 difference from the actual rental income of $72,000.00.

-5-

## III.  ISSUE

Whether the bankruptcy court committed clear error in valuing the Property at $600,000.00 rather than $680,320.00.

## IV.  STANDARD OF REVIEW

In reviewing decisions of the bankruptcy court, the Panel reviews legal conclusions de novo, factual findings for clear error, and mixed questions of law and fact de novo. Murray v. Bammer (In re Bammer), 131 F.3d 788, 792 (9th Cir. 1997); Jorgensen v. Fed. Land Bank of Spokane (In re Jorgensen), 66 B.R. 104, 109 (9th Cir. BAP 1986).

We review a bankruptcy court's findings of fact based on an evidentiary hearing under the clearly erroneous standard. Rand v. Rowland, 154 F.3d 952, 957 n.4 (9th Cir. 1997) (en banc); Diamant v. Bank of Levy (In re Rossi), 86 B.R. 220, 222 (9th Cir. BAP 1987). A finding of fact is clearly erroneous when, after reviewing the evidence, we are left with the definite and firm conviction that a mistake has been committed. Dewhirst v. Citibank (Ariz.) (In re Contractors Equip. Supply Co.), 861 F.2d 241, 243 (9th Cir. 1988).

Credit One suggests that the standard of review in the present matter varies between de novo, abuse of discretion, and clearly erroneous. This suggestion misses the mark. Credit One's only argument before this Panel is that the bankruptcy court erred in assigning value to the Property, a disputed fact at trial. Although Credit One attempts to create different standards of review by restating the same issue on appeal with varying emphasis, this differentiation fails. Each argument boils down to the same thing: Credit One disagrees with the

-6-

court's factual findings of value. Therefore, because Credit One does not challenge whether its judicial lien is avoidable under the requirements of § 522(f)(1) as a matter of law, we can only disturb the bankruptcy court's findings if we determine they were clearly erroneous. See Joseph F. Sanson Inv. Co. v. 268 Limited (In re 268 Limited), 789 F.2d 674, 677 (9th Cir. 1986); see also Rule 7052(a)(6).

## V.  DISCUSSION

Section 522(f)(1) permits a debtor to avoid the lien of a judgment creditor on exempt property. It states, in relevant part, that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)] . . . ." In the Ninth Circuit, in order to avoid a judicial lien, a debtor must satisfy three conditions: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien. Culver, LLC v. Chiu (In re Chiu), 304 F.3d 905, 908 (9th Cir. 2002).

As stated above, Credit One does not challenge whether the bankruptcy court properly determined that each condition was met in order to avoid its judicial lien as a matter of Ninth Circuit law. Rather, Credit One centers its arguments only around whether the bankruptcy court properly valued the Property, asserting that the court erred by not considering all of the evidence at trial.

-7-

We disagree that there was error. Following the two-day evidentiary hearing, the bankruptcy court made detailed factual findings that the Property should be valued at $600,000.00. We can only disturb these findings if we are left with a definite and firm conviction that a mistake has been committed. In re Contractors Equip. Supply Co., 861 F.2d at 243. That is an unlikely determination when, as here, the court's ruling addresses each and every factual argument Credit One put forward.

In valuing the Property, the bankruptcy court made a lengthy oral ruling that carefully considered the exhibits and testimony presented at trial. Based on all of the evidence, the court found the value to be $600,000.00. Although Credit One challenges the outcome, the simple fact is that the court actually accepted Credit One's written appraisal which valued the Property at $600,000.00.

To reach this conclusion, the court principally relied on the following five points. First, the court found that Agamata's prior appraisals undercut the current Agamata Appraisal value of $450,000.00. The court found that this current valuation was not credible based on his valuing the Property at a much higher amount twice before, during the depths of the real estate recession. Second, the court considered each appraisal with respect to Building A, unit one in Building B, and unit two in Building B, and found that the Morgan Appraisal properly determined market rent and, using the market rent, properly evaluated the Property. The court found that market rent is what a potential buyer would assume when purchasing the Property and

-8-

therefore this valuation methodology was sound. Third, in looking at the comparable rentals submitted by both parties, the court found that the Morgan Appraisal properly adjusted the comparable properties, properly differentiated between Building A and Building B, and considered historical rent and market rent. Fourth, the court found that the Morgan Appraisal was much more accurate than the Agamata Appraisal with respect to comparable sales. Last, the court found that the Morgan Appraisal properly considered the impact of parking on the value, weighing various factors including parking at night in the various units, the informal relationship with Debtors' neighbors, O'Reilly's Auto Parts, the fact that there is no reciprocal easement, and the possibility of being towed if parked illegally overnight. The court's careful consideration of these factors shows there is clear evidence in the record to support its factual findings that the Property should be valued at $600,000.00. We cannot disturb these findings on appeal.

Contrary to Credit One's claims, the bankruptcy court did specifically consider evidence offered through Morgan's testimony which asserted that the Property should be valued at $680,320.00 when accounting for an increase in rent roll and actual expenses. In addressing the higher rent roll information, the court stated:

> [Credit One] suggested [this] court, in effect,. . . determine its own number, **assuming greater income from the property** . . . and plug in these numbers into the equation utilized by . . . Morgan. The court declines this suggestion. During trial, both parties asked the appraisers about averaging things, about using real numbers generated by the property, and both parties miss the mark when they do this.

-9-

(Emphasis added). The court explained:

> appraisal methodology is not a matter of mere math and averages. Instead, the appraiser must gather market data and come to conclusions based on his expertise. The court is not an appraiser, and while simple mathematical errors may be capable of correction and result in a different number, the suggestion by the creditor requires recalculation at a much more sophisticated level . . . Mr. Morgan did some math as suggested by his client . . . but it was not a full reappraisal that really went back, factored those additional numbers in, and resulted in . . . a completely redone appraisal.

As made clear by these comments, the bankruptcy court weighed the evidence and determined that it was unwilling to accept a higher appraised value by solely accounting for additional rent and expense figures; instead, it would have only considered a full re-appraisal of the Property taking into account all valuation factors, something Credit One did not provide. Even if this panel was convinced that, had it been sitting as the trier of fact, it would have weighed this evidence differently, we must affirm the bankruptcy court's ruling because the decision here is plausible in light of record viewed in its entirety. See Anderson v. City of Bessemer City, 470 U.S. 564, 573–74 (1985).

Therefore, because there is evidence in the record to support the bankruptcy court's factual findings, we conclude that the court's findings were not clearly erroneous.

## VI.    CONCLUSION

For the reasons stated above, we AFFIRM.

-10-