**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN MAE POLK, | No.    14-17141 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00290-AWI |
| v. | |
| COUNTY OF CONTRA COSTA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

California state prisoner and Chapter 7 debtor Susan Mae Polk appeals pro se from the district court's order affirming the bankruptcy court order denying her motion to avoid a lien and denying injunctive relief.  We have jurisdiction under 28 U.S.C. §§ 158 and 1291.  We review de novo a district court's decision on appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

from a bankruptcy court, and review a bankruptcy court's decision independently, without deference to the district court's decision. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We review de novo the bankruptcy court's conclusions of law de novo and for clear error its findings of fact. *Id.* We affirm.

The bankruptcy court properly denied Polk's motion to avoid the County's lien because the County's lien was consensual and arose from the promissory note and deed of trust, not a judicial lien that could be avoided under 11 U.S.C. § 522(f). *See In re Chiu*, 304 F.3d 905, 908 (9th Cir. 2002) (under § 522(f), the lien to be avoided must be a judicial lien).

The bankruptcy court properly denied Polk's motion for injunctive relief because the County did not retain Polk's property in violation of the discharge injunction. *See* 11 U.S.C. § 524(a)(2); *Zilog, Inc. v. Corning*, 450 F.3d 996, 1007-08 (9th Cir. 2006) (requirements for establishing violation of the discharge injunction).

The bankruptcy court properly declined to consider Polk's substantive and procedural challenges to state court orders because her challenges fell outside the bankruptcy court's jurisdiction. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment.").

14-17141

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Polk's motion to take judicial notice (Docket Entry No. 56) is granted.

Polk's motion requesting oral argument (Docket Entry No. 57) is denied.

Polk's motion to strike the County's answering brief (Docket Entry No. 63) is denied.

**AFFIRMED.**