**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GLORIA DEAN WELLS, | No. 17-60079 |
| Debtor. | BAP No. 16-1319 |
| ------------------------------ | |
| MICHAEL GRIFFITH, | MEMORANDUM* |
| Appellant, | |
| v. | |
| GLORIA DEAN WELLS, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty, Spraker, and Taylor, Bankruptcy Judges, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Michael Griffith appeals pro se from the Bankruptcy Appellate Panel's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BAP") judgment affirming the bankruptcy court's order granting the debtor's motion to avoid Griffith's judgment lien. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court properly granted the debtor's motion to avoid Griffith's judgment lien because the debtor satisfied the requirements of 11 U.S.C. § 522(f) and the bankruptcy court's factual finding regarding the fair market value of the debtor's property was supported by evidence in the record. *See Culver, LLC v. Chiu (In re Chiu)*, 304 F.3d 905, 908 (9th Cir. 2002) (discussing conditions for lien avoidance under § 522(f)); *Arnold & Baker Farms v. United States (In re Arnold & Baker Farms)*, 85 F.3d 1415, 1421 (9th Cir. 1996) (the value of land is a finding of fact reviewed for clear error); *see also United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

17-60079

in the opening brief, or arguments and allegations raised for the first time on appeal, including Griffith's contentions regarding his right to due process that he did not raise in the bankruptcy court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Griffith's requests for judicial notice (Docket Entry Nos. 12 and 23) are denied.

**AFFIRMED.**